INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS; and District 100, International Association of Machinists and Aerospace Workers, Plaintiffs,

v.

VENEZOLANA INTERNACIONAL DE AVEIACION, S.A. a/k/a Viasa, Defendant.

No. 83–2102–Civ–JLK.

United States District Court, S.D. Florida.

Dec. 12, 1983.

J. Michael Nifong, Squires, Sander & Dempsey, Miami, Fla., for plaintiffs.

Dorian K. Damoorgian, Manners, Amoon, Whatley & Tucker, Miami, Fla., for defendant.

## ORDER GRANTING STATUS QUO INJUNCTION

JAMES LAWRENCE KING, District Judge.

THIS CAUSE came on to be heard before the undersigned United States District Judge at 8:00 a.m., 25 August, 1983. The facts were then established to be that the parties to this suit were signatories to a Collective Bargaining Agreement that became effective 1 October, 1981, and that will remain effective until 31 December, 1983. It was further established that that C.B.A. was modified by a Letter of Understanding dated 21 January, 1983. There is no dispute that under the C.B.A. the plaintiff employees were to receive a 13% pay increase effective 1 January, 1983. Nor is there any dispute that the Letter of Understanding modified that pay increase, freezing any increase until 1 July, 1983, and then reducing it to 9% effective 1 July, 1983, plus 4% effective 31 December, 1983.

The issue raised at the hearing on 25 August, 1983, and by the defendant's pleadings was whether the C.B.A. had been further modified subsequent to the Letter of Understanding. The testimony and argument presented on 25 August, 1983, leads the Court to the inescapable conclusion that the C.B.A. was not modified subsequent to the Letter of Understanding. In fact, as the Court stated at the hearing on 25 August, the evidence is uncontradicted that the C.B.A. as modified by the Letter of Understanding of 21 January, 1983, is now binding on the parties and the plaintiff employees were entitled to a 9% pay increase effective 1 July, 1983. The court further finds that the defendant company's contractual defense is so obviously insubstantial as to be an attempt to circumvent § 6 of the Railway Labor Act. *See Airlines Stewards & S. Ass'n, Loc. 550 v. Caribbean Atl. A., Inc.,* 412 F.2d 289 (1st Cir.1969).

The remaining question is whether the plaintiffs are entitled to injunctive relief pending final resolution of this major controversy pursuant to the Railway Labor Act, 45 U.S.C. § 151, *et seq.* In support of their demand for injunctive relief, the plaintiffs contend that they must:

1. prove a substantial likelihood that they will ultimately prevail on the merits of their claim;

2. prove that the injunction is necessary to prevent irreparable injury;

3. prove that the threatened injury to the plaintiffs outweighs the harm the injunction might do the defendants; and,

4. prove that the entry of an injunction is consistent with the public interest.

However, with regard to the second requirement, the plaintiffs contend that at least one United States Court of Appeals has held that an injunction may be granted in a case involving a "major" dispute without the plaintiff demonstrating irreparable harm. They quote *Southern Ry. Co. v. Brotherhood of Locomotive Firemen,* 337 F.2d 127 (D.C.Cir.1964):

[W]e think that a showing of irreparable injury is not required before the instant status quo injunction may issue, particularly because the question before us is concerned with far more than the private rights and duties of the parties. In the first place, Section 6 of the Act comprising the duty to maintain the status quo contains no qualification to the effect that the carrier has no obligation to do so unless irreparable injury would otherwise result. Moreover, the public interest in peaceful settlement of labor disputes through utilization of statutory procedure is also involved, and irreparable injury to the complaining party is not an element which bears significantly or

relevantly in furthering the public interest.

As to the irreparable harm that the plaintiffs would suffer if a status quo injunction is not issued, the plaintiffs contend that they have no adequate remedy at law and that the defendant's continued refusal to abide by the C.B.A. and/or the Railway Labor Act will undermine the plaintiff's status as the certified bargaining representative. They also contend that the defendant's refusal to implement the 9% wage increase without complying with the status quo freeze provisions of the Act has the volatile effect of sabotaging the entire collective bargaining process as well as undermining the thrust and intent of the RLA to the point that a strike might result.

As to the requirement that the plaintiffs prove a likelihood of success on the merits, the court has previously found that the defendant's breach of the C.B.A. is an obvious attempt to circumvent the Railway Labor Act.

As to the remaining two requirements, the plaintiffs contend that the defendants will suffer no harm by the issuance of a status quo injunction because the effect of such an injunction will be to require the defendant to do that which it is obligated to do under the C.B.A. and the Letter of Understanding. Further, the plaintiffs contend that the peaceful resolution of labor disputes in accordance with the Railway Labor Act, as opposed to by violence, is in the public interest.

In response, the defendants argue that this dispute is a "minor" dispute within the meaning of the Railway Labor Act and that the terms of the Railway Labor Act do not require carriers to maintain the status quo pending resolution of minor disputes. The defendants also argue that the plaintiffs are not likely to succeed on the merits of their argument, that the plaintiffs will not suffer irreparable injury, that a status quo injunction will injure the defendants more than it will benefit the plaintiffs, and that it would not be in the public interest to require the defendants to pay increased

wages pending final resolution of the dispute.

The defendants contend that the plaintiff's argument of irreparable injury must fail because all that the plaintiffs ask for is monetary damages and monetary injury is not an irreparable injury. Interestingly, the plaintiffs have not even attempted to rest their claim of irreparable injury on the claim for monetary relief. The plaintiffs claim irreparable injury in the deterioration of their status as the collective bargaining representative. The defendants address this contention by stating, without authority, that such "speculative injury is not sufficient to justify injunctive relief."

The defendants contend that they will be harmed more by the status quo injunction because their financial condition is not sound enough to allow them to pay the wages contracted for under the current C.B.A. and the Letter of Understanding.

██ The Court, having considered the arguments of the parties, finds that the dispute between the parties is a major dispute within the meaning of the Railway Labor Act. The dispute has arisen as a result of the defendant's attempt to change the terms of a collective bargaining agreement without complying with the procedures required by the Railway Labor Act. *Elgin J. & E. Ry. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945). The Court finds that 45 U.S.C. § 152, seventh, prohibits the defendant from changing the rates of pay of its employees, as a class, as embodied in the C.B.A. except in the manner prescribed in 45 U.S.C. § 156. The Court finds that the defendant has attempted to unilaterally change the rate of pay of the plaintiffs' members without complying with the C.B.A. or 45 U.S.C. § 156. The Court finds that it has jurisdiction to issue a status quo injunction in this matter. *American Airlines, Inc. v. Air Line Pilots Ass'n Inter.,* 169 F.Supp. 777 (S.D.N.Y.1958); *Atlanta & West Point R. Co. v. United Transportation Union,* 307 F.Supp. 1205 (N.D.Ga.1970); *Airlines Stewards & S. Ass'n, Loc. 550 v. Caribbean Atl. A., Inc.,* 412 F.2d 289 (1st Cir.1969);

*Ruby v. TACA International Airlines, S.A.,* 439 F.2d 1359 (5th Cir.1971). The Court finds that the plaintiffs have proved a case for a status quo injunction. And, finally, the Court finds that at the hearing on 25 August, 1983, the Court ruled that it had concluded all the fact finding in this matter and that it would decide the case on the pleadings then on record or those subsequently filed unless the parties moved for further argument. There having been no request for further argument, the Court will at this time decide the case.

As noted at the August 25 hearing, the Court appreciates the severity of the defendant's financial problems. However, the defendant's unilateral attempt to change the terms of a collective bargaining agreement is a clear violation of the prohibitions of the Railway Labor Act and, if allowed to succeed, would undermine the Act's purpose of providing a peaceful resolution of labor disputes. Were the defendants allowed to succeed, the viability of a union as a legitimate bargaining partner and employee representative would be severely and permanently and irreparably undermined.

Accordingly, the Court does:

ORDER and ADJUDGE that the defendant VIASA, its officers, agents, servants, attorneys, employees and every person acting in concert with them and participating with them cease and desist from the aforestated violations of the Railway Labor Act.

ORDER and ADJUDGE that the defendant VIASA honor and implement the wage rate increase as mandated by the CBA and Letter of Understanding, with interest at the prevailing rate retroactive to 1 July, 1983, until such time as the terms of the CBA and the Letter of Understanding be changed pursuant to the terms of the Railway Labor Act, or until the expiration of the contract.